# EXHIBIT B

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------x
EMIGRANT BANK (FORMERLY KNOWN AS EMIGRANT
SAVINGS BANK AND NEW YORK PRIVATE BANK &
TRUST),
                                                        Filed:
                            Plaintiff,                  Index No.
        -against-

JANUZ HASANAJ; SINGER HOLDING CORP.;            Plaintiff
CITIBANK, N.A.; MIDLAND FUNDING LLC; JAY T.     designates
MCGORTY; "JOHN DOE #1" through "JOHN DOE #10"   WESTCHESTER County
inclusive, the names of the ten last name       as place of trial
Defendants being fictitious, real names         Venue is based
unknown to the Plaintiff, the parties           upon County in
intended being persons or corporations having   which premises are
an interest in, or tenants or persons in        being situate
possession of, portions of the mortgaged        SUMMONS WITH
premises described in the Complaint,            NOTICE ACTION TO
                            Defendants.         FORECLOSE A
-----------------------------------------x      MORTGAGE
```

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer; or, if the Complaint is not served with this Summons, to serve a Notice of Appearance upon the Plaintiff's Attorney, within twenty (20) days after the service of this Summons, exclusive of the date of service or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York. If you fail to so appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:   Elmsford, New York
         January 18, 2012

## NOTICE

## YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

Sending a payment to your mortgage company will not stop this foreclosure action.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF EMIGRANT BANK (FORMERLY KNOWN AS EMIGRANT SAVINGS BANK AND NEW YORK PRIVATE BANK & TRUST), AND FILING THE ANSWER WITH THE COURT.

Richard F. Komosinski, Esq.
Law Offices of
Knuckles, Komosinski & Elliott, LLP
Attorneys for Plaintiff
565 Taxter Road, Suite 590
Elmsford, New York 10523
Phone: (914) 345-3020

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. NOTICE TO OCCUPANTS: EMIGRANT BANK (FORMERLY KNOWN AS EMIGRANT SAVINGS BANK AND NEW YORK PRIVATE BANK & TRUST) IS FORECLOSING AGAINST THE OWNER OF THIS PREMISES. IF YOU LIVE HERE, THIS LAWSUIT MAY RESULT IN YOUR EVICTION. YOU MAY WISH TO CONTACT A LAWYER TO DISCUSS ANY RIGHTS AND POSSIBLE DEFENSES YOU MAY HAVE.

NOTICE OF OBJECT OF ACTION AND RELIEF SOUGHT

THE OBJECT of the above-entitled action is to foreclose a mortgage to secure $800,000.00, plus interest, recorded in the Office of the County Clerk/City Register of the County of Westchester on November 13, 2007, in Control No.: 473090565 covering premises described as follows:

    50 Cherry Street, Katonah, New York

The relief sought in the within action is final judgment directing the sale of the premises described herein above to satisfy the debt secured by the mortgage described above.

The Plaintiff makes no personal claim against any Defendants in this action EXCEPT Januz Hasanaj.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------x
EMIGRANT BANK (FORMERLY KNOWN AS EMIGRANT    Filed:
SAVINGS BANK AND NEW YORK PRIVATE BANK &
TRUST),
                                         Plaintiff,    Index No.
    -against-                                  COMPLAINT FOR THE
                                                         FORECLOSURE OF A
                                                         MORTGAGE
JANUZ HASANAJ; SINGER HOLDING CORP.;
CITIBANK, N.A.; MIDLAND FUNDING LLC; JAY T.
MCGORTY; "JOHN DOE #1" through "JOHN DOE #10"
inclusive, the names of the ten last name
Defendants being fictitious, real names
unknown to the Plaintiff, the parties
intended being persons or corporations having
an interest in, or tenants or persons in
possession of, portions of the mortgaged
premises described in the Complaint,
                                                          Defendants.
------------------------------------------x

Plaintiff, as and for its Complaint, alleges:

      FIRST: That the Plaintiff was and still is a subsidiary of Emigrant Bancorp, Inc., a corporation authorized to transact business in the State of New York.

      SECOND: That upon information and belief, the individual Defendant(s) was/were and still is/are resident(s) of the State of New York or are engaged in business in the State of New York.

      THIRD: That upon information and belief, the corporate Defendant(s) is/are domestic corporation(s), corporation(s) authorized to do business in the State of New York, or subject to the jurisdiction of the New York courts by virtue of the liens recited hereinafter.

      FOURTH: That the Plaintiff is the owner and/or holder of the subject mortgage and note or has been delegated the authority to institute a mortgage foreclosure action by the owner and/or holder of the subject mortgage, and if applicable, the Plaintiff and/or its

assignor as originator of the subject loan have complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, section six-1 of the banking law and section thirteen hundred four of Article Thirteen of the Real Property Actions and Proceedings Law.

FIFTH: That upon information and belief, this action involves a residential, one-to-four family, owner occupied property which is considered to be a home loan as defined in RPAPL § 1304 and thus subject to the notice requirements of RPAPL § 1304 and conference requirements of CPLR 3408.

SIXTH: That upon information and belief, Plaintiff fully complied with the notification requirements of RPAPL §1306.

SEVENTH: That on August 13, 2007, Defendant Hasanaj duly executed, acknowledged, and delivered to Plaintiff's assignor an evidence of obligation wherein and whereby the Defendant Hasanaj acknowledged to be indebted to the Plaintiff's assignor for the amount of $800,000.00 plus interest thereon to be paid according to its terms (Exhibit "A").

EIGHTH: That as collateral security for the payment of the aforesaid sum, including interest, the Defendant Hasanaj on the same day duly executed, acknowledged and delivered a mortgage to the mortgagee named therein. (Exhibit "B").

NINTH: That said evidence of obligation and mortgage or either of them provide that in the event of a default in the payment of said principal or interest, or any part thereof, or by reason of any default that is more particularly set forth in said evidence of obligation or mortgage, that the holder thereof is empowered to sell the mortgaged premises according to law.

TENTH: (a) That the mortgage was duly recorded in the Office of the County Clerk/City Register of the County of Westchester on November 13, 2007, as Control No.: 473090565, and the mortgage tax thereon was duly paid.

(b) That the mortgagee assigned the note and mortgage to Emigrant Mortgage Company, Inc., herein as evidenced by the allonge affixed to the note and later evidence by written instrument dated December 11, 2009, to be recorded with the County Clerk/City Register of Westchester County.

ELEVENTH: That in and by the above described evidence of obligation, guarantee, or the note secured thereby and the mortgage, it was covenanted and agreed, among other things, that in the event any default was made in the monthly payment of $7,618.59 (inclusive of principal and interest) (as adjusted) the Holder, at its option might declare the entire principal sum due and payable.

TWELFTH: That the Defendant Hasanaj pursuant to the terms of the evidence of obligation, guarantee, or the note secured thereby, has defaulted in making the aforesaid monthly payments for a period exceeding thirty (30) days. More precisely, the Defendant Hasanaj has defaulted in making the monthly payment due on September 1, 2008, and monthly thereafter.

THIRTEENTH: That on June 8, 2011, notice of the default pursuant to Paragraph 22 of the mortgage was mailed via first class mail to the Defendant Januz Hasanaj and, upon information and belief, received by the Defendant Januz Hasanaj at 50 Cherry Street, Katonah, New York which is the premises which is the subject of the action (Exhibit "D").

FOURTEENTH: That on June 8, 2011 notice pursuant to RPAPL §1304 was mailed in a separate envelope from any other notices or

mailings via certified and first class mail to the Defendant Januz Hasanaj and, upon information and belief, received by the Defendant Januz Hasanaj at 50 Cherry Street, Katonah, New York which is the premises which is the subject of the action (Exhibit "D").

FIFTEENTH: That by reason of the default of the Defendant Januz Hasanaj, and pursuant to the acceleration provisions of said note and mortgage, the Plaintiff has elected and does elect that the whole of the principal sum secured hereby become immediately due and payable. There is now justly due and payable to the Plaintiff upon the said note and mortgage, by virtue of such acceleration, the principal sum of $796,714.34 plus interest at the contract rate from August 1, 2008.

SIXTEENTH: That no other action has been had for the recovery of the said sum secured by the said note and mortgage or any part thereof.

SEVENTEENTH: That Paragraphs 1, 3, 5 and 22, as contained in the mortgage, are incorporated herein by reference as Exhibit "B".

EIGHTEENTH: That the Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment after the date of the commencement of this action, of all or any part of the arrears due and owing or the curing of any or all of the defaults mentioned herein, and such election shall continue and remain effective until all the costs and disbursements of this action, and any and all future defaults under the aforesaid note and mortgage occurring prior to the discontinuance of this action, are fully paid, or cured.

NINETEENTH: That in order to protect its security, the Plaintiff may be compelled, during the pendency of this action, to pay taxes, water rates, fire insurance premiums and other charges affect-

ing the said mortgaged premises, and the securing thereof, and the Plaintiff requests that any sums so paid be added to the amount due to the Plaintiff upon the said note and mortgage and be deemed secured thereby.

TWENTIETH:    That the premises are or may be subject to covenants, restrictions, easements and agreements of record, if any; to any state of facts an accurate survey may show, to financing statements of record; to existing prior mortgages and liens if any to existing tenancies and/or occupancies, if any; to violations in any state or municipal department if any; to statutory right of the United States of America to redeem, if any, and the Plaintiff requests that the premises be sold subject thereto.

TWENTY-FIRST: That the Defendant Singer Holding Corp is made a party to this action by virtue of a judgment, docketed June 26, 2009, in the amount of $1,491.56, against Janaz Hasanaj, residing at 50 Cherry Street, Katonah, New York, which judgment, if a lien against the property, is subject and subordinate to the lien of the Plaintiff's mortgage.

TWENTY-SECOND: That the Defendant CitiBank, N.A. is made a party to this action by virtue of a judgment, docketed June 6, 2010, in the amount of $3,005.28, against Januz Hasanaj, residing at 50 Cherry Street, Katonah, New York, which judgment, if a lien against the property, is subject and subordinate to the lien of the Plaintiff's mortgage.

TWENTY-THIRD: That the Defendant Midland Funding, LLC is made a party to this action by virtue of a judgment, docketed October 5, 2010, in the amount of $4,727.18, against Januz Hasanaj, residing at 50 Cherry Street, Katonah, New York, which judgment, if a lien

against the property, is subject and subordinate to the lien of the Plaintiff's mortgage.

TWENTY-FOURTH: That the Defendant Jay T. McGorty is made a party to this action by virtue of a judgment, docketed September 29, 2011, in the amount of $6,260.25, against Januz Hasanaj, residing at 50 Cherry Street, Katonah, New York, which judgment, if a lien against the property, is subject and subordinate to the lien of the Plaintiff's mortgage.

WHEREFORE, the Plaintiff demands judgment that the Defendant(s) herein and all persons claiming under them or any or either of them, subsequent to the commencement of this action, may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said mortgaged premises; that the said premises be decreed to be sold according to law subject to provisions contained in Paragraph TWENTIETH herein; that the monies arising from the sale may be brought into Court; that the Plaintiff may be paid the amount due on the said note and mortgage with interest to the time of such payment, together with expenses of sale, attorney's fees, and the costs, allowances, disbursements, and additional allowances granted herein, so far as the amount of such monies properly applicable thereto will pay the same; and that the Defendant Hasanaj may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds pursuant to the provisions contained in such Judgment, the amount thereof to be determined by the Court as

provided in Section 1371 of the Real Property Actions and Proceedings Law.

                                    _____
                                    Richard F. Komosinski, Esq.
                                    Law Offices of
                                    Knuckles, Komosinski & Elliott, LLP
                                    Attorneys for Plaintiff
                                    565 Taxter Road, Suite 590
                                    Elmsford, New York 10523
                                    Phone:  (914) 345-3020

## VERIFICATION

STATE OF NEW YORK:
COUNTY OF NEW YORK: ss.:

_Joel Marcano_, being duly sworn, deposes and says:

That I am _Asst. Treasurer_ for Emigrant Bank (formerly known as Emigrant Savings Bank and New York Private Bank & Trust), the Plaintiff, in the above entitled action, with offices located in the City, County and State of New York; that I have read the foregoing Complaint and know the contents thereof; that the same is true to my knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

My knowledge of the matters set forth herein or the facts set forth herein are based upon my review of the note, mortgage and other loan documents (the "Loan Documents") and related business records, which records were made by myself or from information transmitted by a person with knowledge of the event described therein, at or near the time of the event described, and are kept in the ordinary course of the regularly conducted business activity of such person and/or the Plaintiff, and it is the regular practice of Plaintiff to make such business records.

_____

Sworn to before me this
18th day of January, 2017

_____
MARYANN MONTESERRATO
NOTARY PUBLIC, State of New York
No. 01MO6071155
Qualified in Kings County
Commission Expires March 11, 2017