# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

EMIGRANT BANK (FORMERLY KNOWN AS EMIGRANT SAVINGS BANK AND NEW YORK PRIVATE BANK & TRUST)

        Plaintiff(s),

 -against-

JANUZ HASANAJ; SINGER HOLDING CORP.; CITIBANK, N.A.; MIDLAND FUNDING LLC; JAY T. MCGORTY; LEBIONET HASANAJ

        Defendant(s).

NOTICE OF ENTRY

Index No: 54093/2012

**PLEASE TAKE NOTICE** that the annexed Decision and Order made by the Honorable Linda S. Jamieson on October 10, 2013 of which the within is a true copy, was entered on October 18, 2013 in the County Clerk's Office, Supreme Court of Westchester County, 111 Dr. Martin Luther King Jr. Blvd., White Plains, NY 10601

Dated:  Elmsford, New York
    February 25, 2014

          Yours, etc.,
          KNUCKLES, KOMOSINSKI & ELLIOTT, LLP.

          By: _____
          Allison J. Marden, Esq.
          Attorneys for Plaintiff,
          565 Taxter Road, Suite 590
          Elmsford, NY 10523

FILED: WESTCHESTER COUNTY CLERK 10/18/2013
NYSCEF DOC. NO. 43

INDEX NO. 54093/2012
RECEIVED NYSCEF: 10/18/2013

At a(n) _____ Term of the Supreme Court of the State of New York, County of Westchester held at 111 Martin Luther King Jr. Blvd, White Plains, New York on the _10th_ day of _October_, 20_13_.

PRESENT: HON. __HON. LINDA S. JAMIESON__
                                   J.S.C.

EMIGRANT BANK (FORMERLY KNOWN AS "EMIGRANT SAVINGS BANK AND NEW YORK PRIVATE BANK & TRUST"),

                Plaintiff(s),

-against-

JANUZ HASANAJ; SINGER HOLDING CORP.; CITIBANK, N.A.; MIDLAND FUNDING LLC; JAY T. MCGORTY; "JOHN DOE #1" to "JOHN DOE #10", the last 10 name being fictitious and unknown to plaintiff, the persons or parties intended to being the persons or parties, if any, having or claiming an interest in or lien upon the mortgage premises described in the verified complaint,

                Defendant(s).

_Decision and_ ORDER GRANTING SUMMARY JUDGMENT, REFERENCE, AND AMENDMENT OF CAPTION

Index No. 54093/12

UPON the Summons, Complaint and Notice of Pendency of action, all duly filed herein on March 19, 2012, and upon reading the Notice of Motion, the office of Court Administration Affirmation dated August 16, 2013 by Allison J. Marden, Esq., Affirmation in Support and Memorandum of Law of Allison J. Marden, Esq., both dated August 16, 2013, the Affidavit of Milagros Rivera-Perez, dated June 14, 2013, in further support of the motion, the Affidavit of Greg Williamson, dated August 8, 2013, with regards to communication with the Defendant, the Affidavits of Service, and the Answer of the Defendant Januz Hasanaj, dated April 10, 2012, and on motion of the law firm of Knuckles, Komosinski & Elliott, LLP, attorneys for Plaintiff, said motion having come on to be heard before this Court on _October 10_ 2013, and ~~pursuant to the~~ _upon no opposition having been received, despite service via e-filing to_ ~~Decision and Order of this Court, dated_____~~ after due deliberation, it is: *plaintiff shall, in future, submit a separate affidavit of service to the Court. Additionally, exhibits must be tabbed

1

ORDERED, that the motion by plaintiff Emigrant Bank (Formerly Known as "Emigrant Savings Bank and New York Private Bank & Trust"), is granted; and it is further

ORDERED, that the Answer of the Defendant Januz Hasanaj, be and the same is hereby stricken pursuant to CPLR 3212; and it is further

ORDERED, this action be, and the same is hereby referred to Joseph A. Maria, Esq. 301 Old Tarrytown Rd., White Plains, NY 10603, 914-684-0333 as Referee to ascertain and compute the amount due, except for attorneys' fees, to the Plaintiff for principal, interest and other disbursements advanced as provided for in the note and mortgage upon which this action was brought, to examine and report whether or not the mortgaged premises can be sold in parcels, and that the referee make his/her report to the Court with all convenient speed; and it is further

ORDERED, that if required, said Referee take testimony pursuant to RPAPL § 1321; and it is further

ORDERED, granting a default judgment against all the non-appearing defendants; and it is further

ORDERED, that the caption of this action as well as all papers previously filed herein be amended by substituting Lebionet Hasanaj as "John Doe #1" and deleting those named "John Doe #2" through "John Doe #10" as party defendants and accordingly amending all papers heretofore filed herein; and it is further

ORDERED, that the amended caption shall read as follows:

2

EMIGRANT BANK (FORMERLY KNOWN AS "EMIGRANT SAVINGS BANK AND NEW YORK PRIVATE BANK & TRUST"),

      Plaintiff,

Index No. 54093/12

vs.

JANUZ HASANAJ; SINGER HOLDING CORP.; CITIBANK, N.A.; MIDLAND FUNDING LLC; JAY T. MCGORTY; LEBIONET HASANAJ

; and it further

  ORDERED, that by accepting this appointment the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, § 36.2(c) ("Disqualifications from Appointment"), and § 36.2(d) ("Limitations on Appointments Based Upon Compensation"); and it is further

  ORDERED, that pursuant to CPLR 8003(a) and in the discretion of the Court, a fee of $300 shall be paid to the Referee upon the filing of his/her report, and in accordance with CPLR 8003(b), the statutory fee shall be paid to the referee at the time of the foreclosure sale; and it is further

  ORDERED, that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge.

ENTER,

HON. LINDA S. JAMIESON
J.S.C.

3

Index No. 54093/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

EMIGRANT BANK (FORMERLY KNOWN AS EMIGRANT SAVINGS BANK AND NEW YORK PRIVATE BANK & TRUST)
                            Plaintiff(s),
   -against-

JANUZ HASANAJ; SINGER HOLDING CORP.; CITIBANK, N.A.; MIDLAND FUNDING LLC; JAY T. MCGORTY; LEBIONET HASANAJ       Defendant(s).

## NOTICE OF ENTRY

Knuckles, Komosinski & Elliott, LLP

### ATTORNEY CERTIFICATION

The undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, belief and reasonable inquiry, the contentions contained in the above referenced document(s) are not frivolous.

Dated: Elmsford, New York
       February 25, 2014

_____
ALLISON J. MARDEN, ESQ.

Sir: Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a _____ duly entered in the office of the clerk of the within named on _____, 20___.

☐ NOTICE OF SETTLEMENT
that an order _____ of which the within is a true copy will be presented for settlement to the Honorable _____, one of the judges of the within named court at on _____, 20___ at _____ M.

To:

Yours etc.,
Knuckles, Komosinski & Elliott, LLP
565 TAXTER ROAD, ST. 590
ELMSFORD, NEW YORK 10523
(914) 345-3020
(914) 366-0080 (fax)

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF WESTCHESTER | |
| EMIGRANT BANK (FORMERLY KNOWN AS EMIGRANT SAVINGS BANK AND NEW YORK PRIVATE BANK & TRUST) | AFFIDAVIT OF SERVICE |
| Plaintiff(s),<br>-against- | Index No. 54093/2012 |
| JANUZ HASANAJ; SINGER HOLDING CORP.; CITIBANK, N.A.; MIDLAND FUNDING LLC; JAY T. MCGORTY; LEBIONET HASANAJ<br><br>Defendant(s). | |

STATE OF NEW YORK, COUNTY OF WESTCHESTER

I, Orjeta Camovic, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides at Bedford Hills, New York.

On February 25, 2014 deponent served the within Notice of Entry with Decision and Order upon the parties listed herein, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in - a post office - official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Scancarelli, Jacobson & Uzzo, LLP
22 West Vernon, New York 10550

_____
Orjeta Camovic

Sworn to before me this 25 day
of February 2014
_____
NOTARY PUBLIC

ALYSSA CATALANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6243278
Qualified in Westchester County
My Commission Expires June 20, 2015

-2-