# EXHIBIT E




EQUAL HOUSING
LENDER

6 East 43rd Street, 10th Floor
New York, NY 10017
Toll Free: 866-987-4567
Fax: 212-850-3196
E-mail: LossMitigation@emigrant.com

October 9, 2015

Januz Hasanaj
c/o Francis J. O'Reilly
10 McMahon Place
Mahopac, NY 10541

Re:  Loan No:
     Borrower:           HASANAJ, Januz
     Property Address:   50 Cherry Street, Katonah, NY

Dear Mr. Hasanaj:

Emigrant has reviewed your *loss mitigation* application in connection with your loan. Since you indicated that you intend to retain the property, it is Emigrant's policy to review you for all home retention options. Below are the decisions rendered with respect to these options.

Traditional Forbearance/Repayment Agreement – You have been denied for this option due to insufficient income. This options requires you to make your regular monthly mortgage payment of $7,681.24 PLUS equal parts of your past-due amount, which over time would bring your loan current. The arrears on the loan as of October 1, 2015 were in excess of $1,029,000. The documents submitted in connection with your request suggest a monthly income of $6,000 and monthly expenses of $3,510. This would leave a balance of $2,490 available for the mortgage payment which is less than the regular monthly mortgage payment and therefore insufficient to bring the loan current within the maximum term of thirty-six (36) months.

Loan Modification – You have been denied for this option. Your loan is not eligible for modification under Emigrant's NPV loan modification program because the origination amount on this loan exceeds $750,000. The initial amount of this loan was $800,000. Because you were not eligible for this reason, you were not evaluated on other criteria.

For loans that are ineligible for modification under Emigrant's NPV loan modification program, Emigrant has a second loan modification program referred to as a Special Circumstances loan modification program. Briefly, if qualifying personal hardships (as defined by Emigrant's loan modification program) are found to have existed at the time of default, then a loan may be considered for modification even if ineligible under the NPV modification program. "Qualifying Personal Hardships" are defined as some form of personal hardship or crisis (other than a loss of a job or income) that contributed to or caused the default on your mortgage. A qualifying personal hardship could include an illness, disability, death in the family or other comparable circumstance or event impacting your ability to meet your mortgage obligation that caused or contributed to the default on your loan. In this case, there is no such qualifying personal hardship occurring on or about September 2008 which triggered the default. Furthermore, your income is insufficient to support the best modified payment available (*assuming you were found to be eligible for same*).

Emigrant's loan modification program requires that the modified payment amount (including the monthly obligation for taxes and insurance) NOT exceed 45% of your gross monthly income. If your income situation changed and Emigrant was asked to reconsider this denial, documentation verifying the existence of a qualifying personal hardship occurring in or about September 1, 2008 and verifying all claimed income will be required as listed on the attached *Required Documentation* page. In addition, the loan would be re-evaluated to determine whether your loan could pass Emigrant's NPV test.

In your case, Emigrant concluded that you could not afford a modified loan payment. This means that the most favorable loan modification terms allowed under Emigrant's loan modification program would still yield a regular monthly payment that would exceed 45% of the claimed gross monthly income. More specifically, the materials submitted by you in connection with this request claimed a monthly gross income of $6,000. The most favorable terms available under Emigrant's program, assuming you otherwise qualified for same, would have been as follows:

- your interest rate would have been remained 5.5% (*because it is already below the lowest interest rate permitted under Emigrant's loan modification policy of 6%*) and would continue to adjust in accordance with the terms of the Note;

- all default interest accrued, if any, would be waived if a modification was approved; and

- all past due sums on your loan would be payable in the form of a balloon payment (meaning the principal balance of your loan would remain unchanged).

A modified loan payment under Emigrant's loan modification program, if a modification was approved today based upon the above referenced most favorable terms available, would require a monthly payment of $8,124.28 (*inclusive of taxes and insurance*) beginning on 11/1/2015, which encompasses 135.4% of your claimed monthly gross income.

For these reasons, you could not qualify for a Special Circumstances loan modification.

## AVAILABLE LOSS MITIGATON OPTIONS

Emigrant would like to advise you that there are additional loss mitigation options which may be available to you. Available options are listed on the attached *Loss Mitigation Options* list. Below are the decisions rendered with respect to the remaining options.

Short Sale – You have been denied for this option because (1) your loan modification application suggests that you wish to retain the property; and (2) this option is only available prior to the entry of Final Judgment.

Deed in Lieu of Foreclosure – You have been denied for this option because (1) your loan modification application suggests that you wish to retain the property; and (2) title to the mortgaged property is not clear of liens and encumbrances.

Forbearance to Sell – You have been denied for this option because (1) your loan modification application suggests that you wish to retain the property; and (2) this option is only available when there is equity in the mortgaged property.

## RIGHT TO SEEK RECONSIDERATION OF THIS DECISION

You have the right to ask Emigrant to reconsider its decision to deny your loss mitigation request. Such requests are reviewed by Zhanna Kandel, First Vice President. If you disagree with this decision and wish to seek reconsideration, you **MUST** notify Emigrant of your request for reconsideration **IN WRITING** within 14 days after this notice.

Requests for reconsideration WILL NOT be taken by telephone. You may submit your request for reconsideration via e-mail to Ms. Kandel at LossMitigation@emigrant.com or in the form of a letter mailed to Ms. Kandel at 6 E. 43rd Street, 10th Floor, New York, NY 10017. Your letter or e-mail should set forth the reasons why you believe that the action taken by Emigrant was in error or mistaken.

**If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the New York State Department of Financial Services at 1-800-342-3736 or www.dfs.ny.gov.**

You should consider contacting servicers of any other mortgage loans secured by the mortgaged premises to discuss all options made available by them as well.

If you wish to submit a Notice of Error or Request for Information, please forward same to Emigrant Mortgage Company, Inc., 6 East 43rd Street, 7th Floor, New York, NY 10017 Attn: Loan Servicing Department.

You are encouraged to communicate with Emigrant's counsel, Knuckles, Komosinski & Elliott, LLP, 565 Taxter Road, Suite 590, Elmsford, NY 10523. Contact for Emigrant's counsel is Tony Padilla who can be reached by phone at (914) 945-3020, by fax at (914) 992-9154 or by e-mail at LossMitigation@kkelaw.com. However, if you believe that you must contact Emigrant directly, you may e-mail us at LossMitigation@emigrant.com. E-mail is the preferred method of communication. Alternatively, you may call (866) 987-4567.

Sincerely,

*Emigrant's Loss Mitigation Department*

Cc:     Januz Hasanaj via regular mail @
        50 Cherry Street, Katonah, NY 10536

# LOSS MITIGATION OPTIONS

The following loss mitigation options are offered by Emigrant and may be available to you. In order for Emigrant to determine which options you may qualify for, you must provide all the relevant documentation and information listed in the attached *Required Documentation* list.

## HOME RETENTION OPTIONS

<u>Traditional Forbearance/Repayment Agreement</u> – Allows you to avoid foreclosure (or put it on hold) by giving you time to catch up on late payments without having to come up with a lump sum payment. This option requires you to make your regular monthly mortgage payment PLUS part of your past-due amount, which over time would bring your loan current.

<u>Loan Modification</u> – Allows you to roll past due amounts into your loan and reset the payments over the remaining term of the loan. Additional considerations may include a possible rate reduction and balloon payment for arrears. Emigrant shall determine whether a loan is eligible for modification and shall approve or deny loan modification requests in accordance with its approved modification program at its sole discretion.

Without a **qualifying** hardship, a loan is **not** eligible for modification if any of the following exist:

- Loans with an original principal balance of $750,000 or more;
- The mortgaged property is not your primary place of residence;
- The ratio of your regular monthly payment to your gross monthly income (DTI) is 31% or lower;
- There is a second mortgage on your property (unless the holder of said mortgage agrees to re-subordinate their lien to a modification);
- You previously entered into a modification agreement and subsequently defaulted; or
- You have other assets or sources of income that could be used to meet your monthly mortgage obligation to Emigrant.

A **qualifying** hardship is defined as some form of personal hardship or crisis <u>**other than a loss of a job or income**</u> that contributed to or caused the default on your mortgage. A qualifying personal hardship could include an illness, disability, death in the family or other comparable circumstance or event impacting your ability to meet your mortgage obligation that caused or contributed to the default. Consideration of a Loan Modification for otherwise non-eligible loans, where a qualifying hardship is verified, is at Emigrant's discretion and subject to confirmation that the Borrower is not otherwise able to cure the arrears under an alternate home-retention option.

## NON-HOME RETENTION OPTIONS

<u>Short Sale</u> – *This option is only available prior to the entry of a Foreclosure Judgment.* A short sale is the sale of your property to an unrelated third party for less than the balance remaining on your mortgage loan without going through foreclosure. This requires that you vacate the property after sale and that you receive no monetary or other benefit from the sale. Additionally, should Emigrant, in its own discretion, decide to offer you a full waiver of deficiency, you must be willing to transfer title ownership of the property to Emigrant and vacate the property by the contract closing date rather than proceed with the short sale transaction. A short sale may also be subject to other terms and conditions approved by Emigrant, including some form of monetary contribution from you. A short sale can only be considered upon receipt of a fully executed Contract of Sale, a Preliminary HUD-1 Settlement Statement, and a recent appraisal of the mortgaged property.

<u>Deed in Lieu of Foreclosure</u> – With this option, you voluntarily vacate the property and transfer ownership to Emigrant to satisfy your debt without going through foreclosure. To be eligible for a Deed in Lieu, you must satisfy certain terms and conditions, which include vacating the property within an agreed period of time, providing clear and marketable title free of any liens and encumbrances and may include a requirement that you make some form of monetary contribution.

<u>Forbearance to Sell</u> – *This option is only available when there is equity in the property.* A forbearance to sell allows you to avoid foreclosure (or put it on hold) by giving you time to market and sell your property. As part of this option, you would be required to demonstrate that the property is listed for sale at market value and you would likely be asked to make some form of payment to Emigrant (amount determined by the circumstances of each individual case).

# REQUIRED DOCUMENTATION

Your financial situation, as well as the equity in the mortgaged property, will be evaluated in order to determine which loss mitigation options are available to you. In order to be considered, you must provide Emigrant with all relevant information and documentation noted below. *No proposal will be considered until all Required Documentation is received.**

### Required Documents for All Loss Mitigation Options
- Fully completed and signed Borrower Assistance Form (*attached*)
- Fully completed and signed IRS Form 4506-T (*attached*)
- Hardship letter explaining the reason for the default, along with supporting documentation
- Copy of Borrower's pay stubs for the past four (4) consecutive weeks
- Copy of Borrower's federal income tax returns, with all schedules and W-2 forms, for the past two (2) consecutive years
- Complete copy of statements for all accounts maintained by Borrower for the past two (2) consecutive months
- Copy of utility bill and telephone/cable/internet bills covering the past two (2) consecutive months

### Required If You Are Self-Employed
- Profit & Loss Statement for the past two (2) to three (3) months, at minimum
- Business bank statements for the past two (2) to three (3) months, at minimum, to verify the Profit & Loss Statement
- Business federal income tax returns with all schedules for the past two (2) consecutive years

### Required if there is Rental Income to be Considered
- Copy of Leases
- Bank statements must clearly identify deposits of rental income for the past two (2) consecutive months

### Required if Other Income is to be Considered
- Social Security and/or Retirement Benefit Statements
- Signed and notarized contribution letters setting forth the amount of the contribution being made
- Bank statements must clearly identify deposits of contributions for the past two (2) consecutive months

### If the mortgaged property is, or was, listed for sale:
- MLS Printout
- Broker Listing Agreement

### Required For All Options Except Traditional Forbearance/Repayment Agreement:
- A full, interior appraisal of the mortgaged premises, to be ordered by Emigrant. The cost of the appraisal shall be your responsibility, and payment arrangements should be made directly with the appraiser upon contact. An inspection appointment should immediately be scheduled to ensure that Emigrant can render a decision on the request within a reasonable period of time. If the property contains multiple units you must confirm that ALL units will be available for inspection. **You have a right under federal law to receive a copy of the appraisal report, which will be provided to you upon completion.**

### In addition to the above, the following documentation/information should be submitted:

### To be Evaluated for a Short Sale:
- Fully executed Contract of Sale, including all pages, addendums and riders
- Fully completed and signed/notarized Non-Home Retention Affidavit (*attached*)
- Preliminary HUD-1 Settlement Statement reflecting all expenses, subordinate liens and net proceeds to Emigrant
- Evidence of satisfaction of all contingencies in the Contract of Sale, including, but not limited to, the buyer's mortgage contingency

### To be Evaluated for a Deed In Lieu:
- Provide the approximate date you are willing and able to provide Emigrant broom clean and vacant possession of the mortgaged property
- If applicable, evidence of the release of all subordinate liens

---

*If you received a discharge in bankruptcy after Emigrant's loan was made and did not reaffirm the debt, the inclusion of any document regarding your income or assets in this list should not be construed as an attempt to collect such debt as your personal liability. If all borrowers on the loan have received a discharge in bankruptcy, this documentation is not required and will not be considered for non-home retention alternatives and only relevant information will be considered when determining your eligibility for a loan modification and forbearance option.*

# NON-HOME RETENTION BORROWER AFFIDAVIT

**_If my loss mitigation request was in connection with a Short Sale, I certify that:_**

1. I will not remain in the property located at _____ after the date of closing;
2. I will not receive any monetary (or other) compensation that has not already been disclosed to Emigrant;
3. Prior to this transaction, I did not have a business or personal relationship with the buyer that has not already been disclosed to Emigrant.
4. If Emigrant offers to accept a Deed In Lieu of Foreclosure and waive any remaining deficiency, I will withdraw my short sale request, issue such Deed and vacate the property in vacant, broom swept condition, free of interior and exterior trash on or before the closing date set forth in the Contract of Sale submitted in connection with my short sale request.

**_If my loss mitigation request was in connection with a Deed in Lieu of Foreclosure, I certify that:_**

1) I am willing and able to leave the property in vacant, broom swept condition, free of interior and exterior trash, by _____.
   *(Insert Vacate Date)*
2) Subordinate liens and encumbrances:
   a) Evidence of satisfaction/release of liens and encumbrances against my property is attached; or
   b) There are no liens and encumbrances against my property _____ _____.
   
   *(Initial Here)*

---

I certify that the above statements in connection with my loss mitigation request are truthful. I understand that Emigrant is relying on the representations made in this document and will use this information to evaluate my eligibility for the non-home retention loss mitigation options.

_____  _____        _____  _____
Borrower's Signature        Date            Co-Borrower's Signature    Date

Sworn to before me this                     Sworn to before me this
____ day of _____, _____              ____ day of _____, _____


_____                   _____
Notary Public                               Notary Public